**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**
0 Valuation of Security        0 Assumption of Executory Contract or Unexpired Lease        0 Lien Avoidance

Last revised: December 1, 2017

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In Re: Thomas J. Bubryckie, Jr.                    Case No.: 15-21415
                                                    Judge:
             Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS

☐ Original                    ☑ Modified/Notice Required        Date:
☐ Motions Included            ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☑ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☑ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☑ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney  jsw            Initial Debtor:  TJB            Initial Co-Debtor

1

### Part 1: Payment and Length of Plan

a. The debtor shall pay $423.00 Monthly** to the Chapter 13 Trustee, starting on July 1, 2015 for approximately 60 months.
   **$3300.00 paid to date for months 1-34
   $423.00 for months 35-60

b. The debtor shall make plan payments to the Trustee from the following sources:
   - ☑ Future Earnings
   - ☐ Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:
   - ☐ Sale of real property
     Description:
     Proposed date for completion: _____

   - ☐ Refinance of real property:
     Description:
     Proposed date for completion: _____

   - ☐ Loan modification with respect to mortgage encumbering property:
     Description:
     Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☑ Other information that may be important relating to the payment and length of plan:
   Chester property is being surrendered in full satisfaction

### Part 2: Adequate Protection        ☒ NONE

a. Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

b. Adequate protection payments will be made in the amount of $____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ____ (creditor).

### Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| Joan Sirkis Warren | Attorney Fees | 2,000.00 |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
   Check one:
   ☑ None
   ☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

2

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

**Part 4: Secured Claims**

**a. Curing Default and Maintaining Payments on Principal Residence:** ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

**c. Secured claims excluded from 11 U.S.C. 506:** ☑ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☑ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

### e. Surrender ☐ NONE

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| MTGLQ Investors | 76 South Road Chester, NJ | 150,000.00 | none |

### f. Secured Claims Unaffected by the Plan ☐ NONE

The following secured claims are unaffected by the Plan:

| Creditor |
|---|
| M&T Bank |

### g. Secured Claims to be Paid in Full Through the Plan ☑ NONE

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|

## Part 5: Unsecured Claims    ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐  Not less than $____ to be distributed *pro rata*

☑  Not less than __100__ percent

☐  *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|

## Part 6: Executory Contracts and Unexpired Leases    ☒ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|

## Part 7: Motions    ☒ NONE

**NOTE:** All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. *A Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.

**a. Motion to Avoid Liens under 11 U.S.C. Section 522(f).** ☑ **NONE**
The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☑ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☑ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|

### Part 8: Other Plan Provisions

**a. Vesting of Property of the Estate**
☑ Upon Confirmation
☐ Upon Discharge

**b. Payment Notices**
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:
1) Ch. 13 Standing Trustee Commissions
2) Other Administrative Claims
3) Priority Claims
4) Secured Claims
5) Lease Arrearages
6) General Unsecured Claims

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☑ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

| Part 9: Modification ☒ NONE | |
|---|---|
| If this Plan modifies a Plan previously filed in this case, complete the information below. Date of Plan being modified: _____. | |
| Explain below **why** the plan is being modified: debtor was unable to sell equipment that was going to fund the plan | Explain below **how** the plan is being modified: plan payment has been increased to the amount necessary to repay 100% to unsecured creditors |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☑ No

### Part 10 : Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:
☑ NONE
☐ Explain here:
Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date    April 10, 2018        /s/ Joan Sirkis Warren
                              Joan Sirkis Warren
                              Attorney for the Debtor
Date:   April 10, 2018        /s/ Thomas J. Bubryckie, Jr.
                              Thomas J. Bubryckie, Jr.
                              Debtor
Date:                         
                              Joint Debtor

### Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date    April 10, 2018        /s/ Joan Sirkis Warren
                              Joan Sirkis Warren
                              Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date:   April 10, 2018        /s/ Thomas J. Bubryckie, Jr.
                              Thomas J. Bubryckie, Jr.
                              Debtor
Date:                         
                              Joint Debtor

6

```
                           United States Bankruptcy Court
                                 District of New Jersey

In re:                                                              Case No. 15-21415-MBK
Thomas J. Bubryckie, Jr.                                            Chapter 13
       Debtor                      CERTIFICATE OF NOTICE

District/off: 0312-3          User: admin              Page 1 of 2         Date Rcvd: Apr 16, 2018
                              Form ID: pdf901          Total Noticed: 29


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Apr 18, 2018.
db            +Thomas J. Bubryckie, Jr.,    10 Frog Hollow Road,    Califon, NJ 07830-3549
cr            +JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, SUCCESS,    Phelan Hallinan & Schmieg, PC,
                400 Fellowship Road,   Suite 100,   Mt. Laurel, NJ 08054-3437
515573757     +CNH Industrial Capital America,    PO BOx 3600,   Lancaster, PA 17604-3600
515573754      Capital One Bank,   PO Box 70884,   Charlotte, NC 282720884
515786528      Capital One Bank (USA), N.A.,    PO Box 71083,   Charlotte, NC  28272-1083
515573755      Capital One Bank USA NA,    PO Box 30281,   Salt Lake City, UT 84130-0281
515573756      Chase Home Finance,    PO Box 78420,   Phoenix, AZ 85062-8420
515573758     +Craner,Satkin & Scheer, P.A.,    320 Park Ave,   Scotch Plains, NJ 07076-1100
515573760     +HSBC BANK,   PO Box 9,   Buffalo, NY 14240-0009
515644492     +Hudson City Savings Bank,    c/o Parker McCay P.A.,    9000 Midlantic Dr., Suite 300,
                Mt. Laurel, NJ 08054-1539
516881165     +M&T Bank as s/b/m to Hudson City Savings Bank,    c/o Schiller Knapp Lefkowitz Hertzel LLP,
                Post Office Box 840,   Buffalo, New York 14240-0840
515573766     ++MORRISTOWN PATHOLOGY ASSOCIATES PA,   PO BOX 500,    HACKETTSTOWN NJ 07840-0500
              (address filed with court: Morristown Pathology Assoc, PA,     PO Box 190,
                Convent Station, NJ 07961)
515573763      Morristown Emergency Medical Associates,    PO Box 417442,   Boston, MA 02241-7442
515573764     +Morristown Medical Center,    17 Prospect Street,   Morristown, NJ 07960-6862
515573765     +Morristown Memorial Hospital,    P.O. Box 10219,   Newark, NJ 07193-0219
515573767     +Panther Valley Property Owners Associati,    PO Box 54,   Allamuchy, NJ 07820-0054
515573770     +SST/CIGPFI Corp,   4315 Pickett Road,   Saint Joseph, MO 64501-1600
515573771     +SST/SYNOVUS,   4315 Picket Road,   Saint Joseph, MO 64503-1600
515573773      The Home Depot/CBNA,    PO Box 6497,   Sioux Falls, SD 57117-6497

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg            E-mail/Text: usanj.njbankr@usdoj.gov Apr 16 2018 23:11:04      U.S. Attorney,   970 Broad St.,
                Room 502,   Rodino Federal Bldg.,    Newark, NJ  07102-2534
smg           +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Apr 16 2018 23:11:02      United States Trustee,
                Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,   Suite 2100,
                Newark, NJ 07102-5235
515573759     +E-mail/Text: bknotices@fenton-mcgarvey.com Apr 16 2018 23:10:25
                Fenton & McGarvey Law Firm, P.S.C.,    2401 Stanley Gault Parkway,    Louisville, KY 40223-4175
515573761     +E-mail/Text: camanagement@mtb.com Apr 16 2018 23:10:51      Hudson City Savings Bank,
                west 80 century road,    Paramus, NJ 07652-1437
515947238     +E-mail/Text: camanagement@mtb.com Apr 16 2018 23:10:51      M&T Bank, et al,   c/o M&T Bank,
                Mortgage Payment Processing,    One Fountain Plaza, 7th Floor,    Buffalo, NY 14203,
                M&T Bank, et al 14203-1420
515947237     +E-mail/Text: camanagement@mtb.com Apr 16 2018 23:10:51      M&T Bank, et al,   c/o M&T Bank,
                Mortgage Payment Processing,    One Fountain Plaza, 7th Floor,    Buffalo, NY 14203-1420
515573768      E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Apr 16 2018 23:14:06
                Portfolio Recovery,    120 Corporate Blvd,   Norfolk, VA 23502
515782921      E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Apr 16 2018 23:13:51
                Portfolio Recovery Associates, LLC,    c/o Orchard Bank,   POB 41067,   Norfolk VA 23541
515573769     +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Apr 16 2018 23:14:07
                Portfolio Recovery Assiociates,    140 Corporate BLVD,   Norfolk, VA 23502-4952
515748207     +Fax: 866-311-5818 Apr 16 2018 23:24:04      Systems & Services Technologies, Inc (SST),
                4315 Pickett Road,   St. Joseph, MO 64503-1600
                                                                                              TOTAL: 10

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
515573753      Atlantic Healthcare
515573762      Medical Hospital and Doctors
515573772      tenant
515640767*    +Hudson City Savings Bank,   West 80 Century Road,    Paramus, NJ 07652-1437
515573774    ##+Zucker Goldberg & Ackerman,   200 Sheffield Street, Suite 301,    P.O. Box 1024,
                Mountainside, NJ 07092-0024
                                                                                         TOTALS: 3, * 1, ## 1

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.
```

```
District/off: 0312-3          User: admin              Page 2 of 2            Date Rcvd: Apr 16, 2018
                              Form ID: pdf901          Total Noticed: 29
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 18, 2018                                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 16, 2018 at the address(es) listed below:
              Albert    Russo    on behalf of Trustee Albert   Russo docs@russotrustee.com
              Albert    Russo    docs@russotrustee.com
              Albert    Russo (NA)    on behalf of Trustee Albert   Russo docs@russotrustee.com
              Andrew L. Spivack    on behalf of Creditor    JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, SUCCESSOR
               BY MERGER TO CHASE HOME FINANCE LLC nj.bkecf@fedphe.com
              Brian E Caine    on behalf of Creditor    M&T Bank, et al bcaine@parkermccay.com,
               BKcourtnotices@parkermccay.com
              Brian E Caine    on behalf of Creditor    HUDSON CITY SAVINGS BANK bcaine@parkermccay.com,
               BKcourtnotices@parkermccay.com
              Denise E. Carlon    on behalf of Creditor    MTGLQ INVESTORS, L.P. dcarlon@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Joan Sirkis Warren    on behalf of Debtor Thomas J. Bubryckie, Jr. joan@joanlaverylaw.com
              Joel A. Ackerman    on behalf of Creditor    HUDSON CITY SAVINGS BANK, a federally chartered
               savings bank organized and existing under the laws of the State of Delaware
               jackerman@zuckergoldberg.com
              Lynn Therese Nolan    on behalf of Creditor    M&T Bank, et al ecfnotices@grosspolowy.com,
               jbommelje@grosspolowy.com
              Michael E. Blaine    on behalf of Creditor    M&T Bank successor by merger to Hudson City Savings
               Bank mblaine@schillerknapp.com,
               tshariff@schillerknapp.com;kcollins@schillerknapp.com;ahight@schillerknapp.com
              Richard James Tracy, III    on behalf of Creditor    M&T Bank, et al rtracy@schillerknapp.com,
               tshariff@schillerknapp.com;kcollins@schillerknapp.com;ahight@schillerknapp.com
                                                                                                 TOTAL: 12
```